**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WONDERLAND NURSERYGOODS CO., LTD., | ) ) ) | Civil Action |
| | ) | No. 2:13-cv-00387 |
| Plaintiff, | ) ) | |
| | ) | Judge Mark R. Hornak |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| THORLEY INDUSTRIES LLC (*d/b/a* 4MOMS), | ) ) | ***Electronically Filed*** |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

AND NOW, comes Defendant, Thorley Industries LLC (*d/b/a* 4Moms) (hereinafter "Thorley"), and files the following **FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**, and in support thereof avers the following:

**JURISDICTION AND VENUE**

1.      Thorley admits only that this Complaint purports to set forth a claim of patent infringement and that this Court has subject matter jurisdiction.  Thorley denies that it has committed acts of infringement in this or any other jurisdiction.

2.      Thorley admits that it is subject to the personal jurisdiction of this Court.  It is denied that Thorley has committed acts of infringement in this or any other jurisdiction.

3.      Thorley admits that venue is proper in this District.

No. 2:13-cv-00387

## THE PARTIES

4.      Thorley is without sufficient information to either admit or deny the averments of Paragraph 4 of the Complaint and, on this basis, denies said averments.

5.      Thorley is without sufficient information to either admit or deny the averments of Paragraph 5 of the Complaint and, on this basis, denies said averments.

6.      Admitted.

7.      Admitted.

## BACKGROUND

8.      Thorley admits only that the recited number, title, and inventor appear on the face of the patent.  Thorley denies that the recited issue date of November 1, 1993 appears on the face of the patent.  Thorley is without sufficient information to either admit or deny the remaining averments contained in Paragraph 8 of the Complaint and, on this basis, denies said averments.

9.      Thorley admits only that it sells and offers to sell the BREEZE product in the United States and imports the BREEZE product into the United States.   The remaining averments in Paragraph 9 of the Complaint are denied.

10.      Thorley denies that Paragraph 10 of the Complaint accurately describes the BREEZE product.

11.      Denied.  By way of further response, no Exhibit B was attached to the Complaint.

## CLAIM FOR RELIEF
## (INFRINGEMENT OF U.S. PATENT NO. RE 43,919)

12.      Thorley hereby incorporates Paragraphs 1-11 as if the same were set forth herein at length.

13.      Denied.

No. 2:13-cv-00387

14.     Denied.

15.     Denied.

## AFFIRMATIVE DEFENSES

The following defenses are raised to the extent that discovery reveals the same to be appropriate.  If discovery should reveal the same to be inapplicable, they will be abandoned prior to the trial of this matter.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

16.     The Complaint, and each and every purported claim for relief therein, fails to allege facts sufficient to state a claim against Thorley for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-infringement)

17.     Thorley has not infringed and is not infringing any claims of U.S. Patent No. RE 43,919 ("the '919 patent") under any theory, including direct infringement, infringement by inducement, or contributory infringement.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

18.     The '919 patent and all of the claims thereof are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1 *et seq*., including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

19.     Plaintiff is estopped from claiming that the patents-in-suit cover any apparatus or product of Thorley by virtue of the prior art and/or the prosecution history of the '919 patent.

No. 2:13-cv-00387

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Provide Notice)**

20.     To the extent that Plaintiff seeks damages for any alleged infringement prior to its giving actual notice of the '919 patent to Thorley, its claims are barred pursuant to 35 U.S.C. § 287(a).

**SIXTH AFFIRMATIVE DEFENSE**
**(Intervening Rights)**

21.     Plaintiff is barred, pursuant to 35 U.S.C. § 252 and the doctrine of intervening rights, from seeking damages or other relief with respect to any products made, purchased, offered for sale, or used within the United States, or imported into the United States prior to the grant of the '919 patent.  Plaintiff's claims for damages or other relief with respect to any products made, purchased, offered for sale, or used within the United States, or imported into the United States after the grant of the '919 patent are also barred, in whole or in part, pursuant to 35 U.S.C. § 252 and the doctrine of intervening rights, in view of at least Thorley's efforts in manufacturing, using, offering for sale, importing and selling the accused product prior to the grant of the '919 patent.

**COUNTERCLAIMS**

Defendant Thorley, in support of its Counterclaims against Plaintiff Wonderland, hereby avers:

1.     Thorley is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having a regular and established place of business at 40 24th Street, Pittsburgh, Pennsylvania 15222.

No. 2:13-cv-00387

2.　　　Upon information and belief, Counterclaim-Defendant Wonderland is a limited liability company organized and existing under the laws of Taiwan ROC, having a place of business at 10F, No. 433, Rui Kwang Road, Neihu Taipei, Taiwan.

3.　　　Jurisdiction of this Court is based upon 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202.

4.　　　Venue is proper in this district pursuant to 28 U.S.C. § 1391, and is also based upon the filing by Wonderland of this action against Thorley in this judicial district.

**COUNTERCLAIM FOR A DECLARATION OF
NON-INFRINGEMENT OF U.S. PATENT NO. RE 43,919**

5.　　　Thorley hereby incorporates Paragraphs 1-21 in its Answer and Affirmative Defenses, and in Paragraphs 1-4 as if the same were set forth herein at length.

6.　　　This is a counterclaim under the patent laws of the United States (35 U.S.C. §§ 1, *et seq.*) for a declaration that U.S. Patent No. RE 43,919 ("the '919 patent") is not infringed by Thorley.

7.　　　An actual controversy exists between Thorley and Wonderland as to the non-infringement of the '919 patent, as evidenced by, *inter alia*, the Complaint and Answer in this action.

8.　　　Thorley has not infringed, induced the infringement of, or contributed to the infringement of, any claim of the '919 patent, and does not, and will not, so infringe.

9.　　　The aforesaid acts of Wonderland have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to Thorley for which Thorley has no adequate remedy at law and for which Thorley is entitled to declaratory and injunctive relief.

No. 2:13-cv-00387

## COUNTERCLAIM FOR A DECLARATION
## OF INVALIDITY OF U.S. PATENT NO. RE 43,919

10.    Thorley hereby incorporates Paragraphs 1-21 in its Answer and Affirmative Defenses, and in Paragraphs 1-9 as if the same were set forth herein at length.

11.    This is a counterclaim under the patent laws of the United States (35 U.S.C. §§ 1, *et seq*.) for a declaration that U.S. Patent No. RE 43,919 ("the '919 patent) is invalid.

12.    An actual controversy exists between Thorley and Wonderland as to the invalidity of the '919 patent, as evidenced by, *inter alia*, the Complaint and Answer in this action.

13.    The '919 patent is invalid for failure to meet with the requirements of, *inter alia*, Part II of Title 35 of the United States Code.

14.    The aforesaid acts of Wonderland have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to Thorley for which Thorley has no adequate remedy at law and for which Thorley is entitled to declaratory and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Thorley prays for the following relief:

A.    Dismissal of the Complaint herein;

B.    Entry of judgment declaring that Thorley does not infringe and has not infringed, in any way, any claim of the U.S. Patent No. RE 43,919;

C.    Entry of judgment declaring that the claims of U.S. Patent No. RE 43,919 are invalid;

D.    Awarding Thorley its costs and attorneys' fees incurred in prosecuting this action;

E.    This case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees be awarded to Thorley;

No. 2:13-cv-00387

F.      That no damages, injunctive relief, costs, expenses, or attorneys' fees be awarded

to Wonderland; and

G.      Awarding Thorley such other and further relief as this Court deems just and

proper.

**<u>JURY DEMAND</u>**

Pursuant to Federal Rule of Civil Procedure 38(b), Thorley hereby demands a trial by

jury on all issues triable of right by a jury.

Respectfully submitted,

THE WEBB LAW FIRM

s/ Bryan P. Clark
Kent E. Baldauf, Jr., Esquire
PA ID No. 70793
Bryan P. Clark, Esquire
PA ID No. 205708
Ryan J. Miller, Esquire
PA ID No. 208015
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com
rmiller@webblaw.com
*Attorneys for Defendant*

No. 2:13-cv-00387

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2013, I electronically filed the foregoing **FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Avrum Levicoff, Esquire
Edward I. Levicoff, Esquire
David I. Roche, Esquire
Daniel A. Tallitsch, Esquire
alevicoff@lsandd.net
elevicoff@lsandd.net
david.roche@bakermckenzie.com
daniel.tallitsch@bakermckenzie.com
(*Attorneys for Plaintiff*)

THE WEBB LAW FIRM

s/ Bryan P. Clark
Bryan P. Clark, Esquire