IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Wonderland Nurserygoods Co., Ltd., | C.A. No.: 2:13-CV-00387 |
| Plaintiff, | The Honorable Mark R. Hornak |
| v. | |
| Thorley Industries, LLC (dba 4Moms) | Electronic Filing |
| Defendant | **Jury Trial Demanded** |

## WONDERLAND'S REPLY CLAIM CONSTRUCTION BRIEF

## TABLE OF CONTENTS

Page

I.   INTRODUCTION ..................................................................................................4
II.  THE DISPUTED TERMS ....................................................................................4
     A.  The "baby crib" limitation. ..........................................................................4
     B.  The "bed frame structure including a plurality of upright tubes" limitation. ...............4
         1.  The tubes are structural members. .....................................................4
         2.  The term cylindrical is not part of the ordinary meaning of "tube". ....................3
     C.  The "an outer wall" limitation. ....................................................................5
     D.  The "extending along a length" limitation. .................................................6
     E.  The phrase: "the outer wall having an outwardly facing surface and defining an outer contour shape of the upright tube". .................................6
         1.  The term "outwardly facing" was not addressed or argued during the prosecution of the '919 patent. ..............................................7
         2.  The term "an outer contour shape." ...................................................10
     F.  The phrase: "configured to lodge into". ....................................................11
     G.  The "whereby…" clause. .........................................................................11
         1.  Thorley's proposed deletion of "substantially" is erroneous. .............11
         2.  Thorley indefiniteness contention under 35 USC § 112 ¶ 2. .............15
III. CONCLUSION ....................................................................................................16

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Acumed LLC v. Stryker Corp.*,
  483 F.3d 800 (Fed. Cir. 2007) ............................................................................................... 12

*Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*,
  616 F.3d 1283 (Fed. Cir. 2010) ............................................................................................... 3

*Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.*,
  359 F.3d 1367 (Fed. Cir. 2004) ............................................................................................. 15

*Budde v. Harley-Davidson, Inc.*,
  250 F.3d 1369 (Fed. Cir. 2001) ............................................................................................. 15

*Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix, Inc.*,
  672 F.3d 1270 (Fed. Cir. 2012) ............................................................................................... 7

*Exxon Research and Eng'g Co. v. United States*,
  265 F.3d 1371 (Fed. Cir. 2001) ............................................................................................. 15

*Hilton Davis Chem. Co. v. Warner-Jenkinson Co.*,
  62 F.3d 1512 (Fed. Cir. 1995) ............................................................................................... 12

*Hoechst Celanese Corp. v. BP Chems. Ltd.*,
  78 F.3d 1575 (Fed. Cir. 1996) ................................................................................................. 3

*In re Icon Health & Fitness, Inc.*,
  496 F.3d 1374 (Fed. Cir. 2007) ............................................................................................... 1

*Intel Corp. v. VIA Techs., Inc.*,
  319 F.3d 1357 (Fed. Cir. 2003) ............................................................................................. 15

*Modine Mfg. Co. v. Int'l Trade Comm'n*,
  75 F.3d 1545 (Fed. Cir. 1996) ................................................................................................. 3

*Outside the Box Innovations, LLC v. Travel Caddy, Inc.*,
  695 F.3d 1285 (Fed. Cir. 2012) ............................................................................................... 3

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) ....................................................................................... passim

*Rambus Inc. v. Rea*,
  2013 U.S. App. LEXIS 19500 (Fed. Cir. Sept. 24, 2013) ....................................................... 3

**STATUTES**

35 USC § 112 ¶ 2 ........................................................................................................................ 15

The Plaintiff, Wonderland Nurserygoods Co. Ltd. ("Wonderland"), hereby submits this reply brief on claim construction in accordance with LPR 4.3 and Par. 12 of the Court's Initial Patent Scheduling Order (Doc. 24).  This brief addresses the arguments set forth in Thorley's Responsive Claim Construction Brief (Doc. 33)

## I.     INTRODUCTION

Thorley repeatedly urges the court to use Figure 5 of the '919 patent as the measure of what claim 8 covers.  However, using the preferred embodiment to construe the claims, and limiting the claims of a patent to the preferred embodiment, is exactly what the Federal Circuit in the *Phillips* en banc ruling said district court should NOT do.

## II.    THE DISPUTED TERMS

### A.    The "baby crib" limitation.

Wonderland agrees that the term "baby crib" has an ordinary and accepted meaning that is well understood, and that this term does not need to be construed. Wonderland did not mean to suggest that the term "baby crib" should exclude a crib capable of holding older infants and toddlers.

### B.    The "bed frame structure including a plurality of upright tubes" limitation.

#### 1.    The tubes are structural members.

The Federal Circuit has held that "an infringement **or invalidity** analysis provides the context for claim construction." *In re Icon Health & Fitness, Inc.*, 496 F.3d 1374, 1379 (Fed. Cir. 2007) (emphasis added), citing *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1326-27 (Fed. Cir. 2006).

Thus, a district court can <u>and should</u> consider the context of the dispute between parties, whether it is an infringement dispute (involving the accused product) or a validity dispute (involving the prior art).

Here, Thorley has identified an Australian Patent (AU 715,833 - Bidwell) as an allegedly anticipating reference (meaning that it allegedly has all of the limitations of the claim). Thorley contends that the flexible "retainer 22" in the Bidwell reference meets the "upright tube" portion of the limitation in question ("bed frame structure including a plurality of upright tubes").

| U.S. Patent No. RE43,919 | AU715883 |
|---|---|
| wherein each of the upright tubes, respectively, includes an outer wall and a receiving hole extending along a length of the upright tube, the outer wall having an outwardly facing surface and defining an outer contour shape of the upright tube; | See FIGS. 1 and 2 and page 2, lines 8-15, the Bidwell patent discloses that each of the retaining members (22) includes an outer wall (24) that includes an outwardly facing surface and defines an outer contour shape of the retaining member (22). An annotated reproduction of FIG. 1 is provided below:<br><br>In addition, each of the retaining members (22) includes a substantially hollow interior (26) (i.e., a receiving hole) and a slot (28) extending along the length thereof. |

Exhibit R-1 - Portions of Thorley's Invalidity Contentions based on Bidwell (AU 715,883).

Wonderland believes that the "retainer 22" of Bidwell is not a structural member. This is the dispute that is giving rise to the need for the term "upright tube" to be construed.

To preclude Thorley from unreasonably expanding the meaning of the phrase "a bed frame structure including a plurality of upright tubes", the Court should adopt a construction that makes it clear that the upright tubes are <u>structural</u> in nature.

## 2. The term cylindrical is not part of the ordinary meaning of "tube".

A claim construction that excludes a preferred embodiment "is rarely the correct interpretation; such an interpretation requires highly persuasive evidentiary support." *Modine Mfg. Co. v. Int'l Trade Comm'n*, 75 F.3d 1545, 1550 (Fed. Cir. 1996).  See also *Rambus Inc. v. Rea*, 2013 U.S. App. LEXIS 19500 (Fed. Cir. Sept. 24, 2013); *Outside the Box Innovations, LLC v. Travel Caddy, Inc*., 695 F.3d 1285, 1310 (Fed. Cir. 2012); *Adams Respiratory Therapeutics, Inc. v. Perrigo Co*., 616 F.3d 1283, 1290 (Fed. Cir. 2010) (quoting *Vitronics Corp. v. Conceptronic, Inc*., 90 F.3d 1576, 1583-84 (Fed. Cir. 1996)). As explained in in *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1581 (Fed. Cir. 1996), "it is unlikely that an inventor would define the invention in a way that excluded the preferred embodiment, or that persons of skill in this field would read the specification in such a way."

Thorley argues that the term "upright tubes" must be defined as a "cylinders".   However, as Wonderland explained in its Opening Brief, the term "cylinder" has a very specific meaning.  It requires that its cross-section be curved and continuous (no abrupt changes) and that it be closed (not open or C-shaped).  See: **http://www.yourdictionary.com/cylinder**.   Note: even Thorley's proffered dictionary definition (p. 10 of its Response Brief) acknowledges that tubes are not always cylindrical, but are only "usually" so shaped.

The preferred embodiment of an upright tube in the '919 patent is shown in cross-section in Figure 5 of the '919 patent.  There TWO main reasons why the preferred embodiment is not "cylindrical", and they are explained below:



Fig. 5 (amended)
US Pat. RE 43,919

The cross-section of the upright tube of Figure 5 of the '919 patent is neither continuous nor closed. Thus, under established Federal Circuit law, the fact that the preferred (and only) embodiment (the example in Fig. 5) of the '919 does **not** have a "cylindrical" upright tube means that it would be inappropriate to adopt Thorley's proposed definition of "upright tube." Thorley cannot meet the requirement for "highly persuasive evidentiary support" it needs to show that its construction, i.e., one that excludes the only embodiment shown in the '919 patent, is appropriate.

It is also worth noting that nowhere in the '919 patent does the patent characterize the upright tubes as having a "cylindrical" shape.

The parties agrees that tubes are properly defined as hollow. However, in view of the requirement that the upright tubes be part of the bed frame *structure* (and Thorley's apparent position to the contrary), and in view of the need to avoid use of the term "cylinder" as inappropriate,

Wonderland proposes the following construction for the term "a bed frame structure including a plurality of upright tubes":

> **a structure that gives shape and strength to a surface upon which a child can sleep or stand and which includes generally vertical hollow supports as structural components.**

### C. The "an outer wall" limitation.

Wonderland agrees with Thorley that the term "an outer wall" is one that a person of skill in the art would recognize and understand, and needs no clarification from the Court.

However, as noted in Wonderland's Opening Brief, the word "an" is part of the limitation and is an *indefinite* article. Yet, Thorley tries to ignore this small, but very important, word. This means that the **any** wall of the upright tube can qualify as meeting the limitation calling for "an outer wall".

Thorley's Response Brief attempts to limit the term "an outer wall" by referring to a circular tube of the kind shown as the preferred embodiment in in the '919 patent. However, as the *en banc Phillips* case makes clear, it is improper to read limitations into the claim, based on the preferred embodiment. Although claims must be read in light of the specification, limitations from the specification may not be read into the claims. *Phillips*, 415 F.3d at 1323; *Comark*, 156 F.3d at 1186. Here, the Court should not limit the invention to the specific examples or preferred embodiment found in the specification. *See Phillips*, 415 F.3d at 1323. Yet, that is exactly what Thorley is attempting to get this Court to do.

There is nothing in the claim that precludes the possibility of forming an upright tube with more than one wall, any one of which may be a candidate to meet the limitation calling for "an outer wall." Indeed, the accused product is a multi-walled tube, and Thorley's argument (deleting "an" from the limitation, and arguing that there is only one "outer wall" simply because the preferred embodiment has only one) is a thinly veiled attempt to create a non-infringement argument for itself.

But, Thorley's arguments are directly contrary to the Federal Circuits explicit holding in the *Phillips* case, i.e., that it is improper to limit the claim based on the preferred embodiment.

### D.     The "extending along a length" limitation.

Wonderland agrees with Thorley that the term "extending along a length" means "existing along the full length of the upright tube.

### E.     The phrase: "the outer wall having an outwardly facing surface and defining an outer contour shape of the upright tube".

Thorley again tries to limit the claim language by treating the preferred embodiment (Figure 5) as "the" invention, when it is only one example.  As noted above, this is in direct violation of the holding in the *Phillips* case.

Thorley suggests that the limitation in question has two terms that need construction: "outwardly facing surface" and "outer contour shape".  However, as it does with the limitation calling for "an outer wall", Thorely treats Figure 5 as *the* invention, rather than referring to language used in the claim.

As pointed out in Wonderland's Opening Brief, the term "the" is clearly referring back to "an outer wall" as that term appears earlier in the claim.  As noted above, that wall can be any wall of a multi-walled upright tube.

Thorley accuses Wonderland of asking the Court to "re-write" the limitation in question. Yet, it is Thorley who is asking the Court to change what the "outwardly facing surface" is referring to.  Thorley proposes that this phrase simply means "outer or exterior surface **of the tube**".  Yet, the language of the claim clearly describes "outwardly facing surface" as being on an "**outer wall**", not on the tube as a whole.  The term "the outer wall" in this limitation is a direct reference to the first use of "outer wall" in the claim, which is modified by the indefinite article "an", as discussed above.

-6-

Thorley is arguing that the *entire* exterior of the tube is being referred to here.  However, the limitation refers to the outwardly facing surface of "the outer wall", not the tube.  In addition, the entire tube is not referred to in the claim, which means that any wall (i.e., a portion of its outer surface) can qualify as corresponding to this limitation.

> 1. **The term "outwardly facing" was not addressed or argued during the prosecution of the '919 patent.**

"[B]ecause the prosecution history represents an ongoing negotiation between the PTO and the applicant, rather than the final product of that negotiation, it often lacks the clarity of the specification and thus is less useful for claim construction purposes. *Phillips v. AWH Corp*., 415 F.3d 1303, 1317 (Fed. Cir. 2005) citing *Inverness Med. Switz. GmbH v. Warner Lambert Co*., 309 F.3d 1373, 1380-82 (Fed. Cir. 2002) (the ambiguity of the prosecution history made it less relevant to claim construction). See also *Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix, Inc*., 672 F.3d 1270, 1276 (Fed. Cir. 2012).

Thorley points to arguments made during the prosecution of the '919 patent.  Thorley Exhibit B is an amendment in response to an Office Action dated March 17, 2010 (Exhibit R-2 hereto) in which the Examiner had cited two prior art references, namely Gibbs - US 4,8484,843 (Thorley Exhibit D ) and Colby - US 4,105,244 (Thorley Exhibit E), against an early version of claim 8 that did <u>not</u> contain the limitation at issue.  Wonderland explained that neither Colby nor Gibbs were for an enclosure, and that both suffered from the problem that the invention was intended to solve, i.e., excessive wear resulting from direct contact between the fabric and outwardly facing surfaces of a support tube.  That Colby suffers from this defect is readily seen from the wrapping of the fabric around the entire support tube. However, in Gibbs, the problem is present, but harder to see.  The following two annotated figures from the Gibbs patent explain the presence of the kind of contact (resulting in excessive wear) that the invention of claim 8 of the '919 patent avoids:

-7-



FIG. II



-9-

It is not clear in Gibbs what direction is "outward", since Gibbs does not form an enclosure. While Wonderland did point out that both Colby and Gibbs put the fabric into direct wearing contact with the tube, the issue of whether those patents had "outwardly facing" surfaces was not addressed. Wonderland did point out that the fabric in those references did not form an enclosure, because the fabric did not extend to more than one other tube. When distinguishing Gibbs (and Colby) Wonderland did not argue that the "outwardly facing" surfaces of those references were out of contact with the fabric. The "outwardly facing" limitation was added to more thoroughly differentiate the claimed invention from Colby and Gibbs, but was not discussed.

On February 28, 2011, Wonderland filed a Pre-Appeal Brief to address the Examiner's Office Action of December 28, 2010 (Exhibit R-3 hereto) in which the Examiner made a rejection of the claims based on the combination of Gibbs and Moltane (Exhibit R-4, hereto). In the Pre-Appeal Brief (which is limited by rule to 5 pages), Wonderland emphasized: 1) that Gibbs does not have an enclosure member at all, 2) that Moltane teaches away from Gibbs, and 3) that Gibbs does not show a fabric extending from one tube to multiple other tubes. In the Office Action of Dec. 28 2010, the Examiner had relied on the *combination* of Moltane (a playpen with fabric exposed at the corners) and Gibbs (a chair or couch with fabric supported as shown above).

On pages 16-17 of its Response Brief, Thorley distorts the arguments that Wonderland made during prosecution. Thorley says that Wonderland "equated" the terms "outwardly facing" and "outside surfaces". This is not accurate. Wonderland only characterized the outside surface of the tube, did not mention the term "outwardly facing". Nor did Wonderland argue what constitutes and "outwardly facing" surface. Indeed, Wonderland did not have to argue this point, because Gibbs does not have an enclosure.

2. The term "an outer contour shape."

Wonderland believes that in the context of the claim the term "outer" mean the outer part with respect to the crib and what is enclosed by the enclosure member, i.e., the outer part of the tube that faces away from the enclosed portion of the crib.

Importantly, the indefinite article "an" is part of this term. The use of an indefinite article in this limitation mean that no specific outer contour shape is being referred to. The following explains what indefinite articles mean and how to use them:

**Indefinite Articles: a and an**

"A" and "an" signal that the noun modified is indefinite, referring to *any* member of a group. For example:

- "My daughter really wants **a** dog for Christmas." This refers to *any* dog. We don't know which dog because we haven't found the dog yet.
- "Somebody call **a** policeman!" This refers to *any* policeman. We don't need a specific policeman; we need any policeman who is available.
- "When I was at the zoo, I saw **an** elephant!" Here, we're talking about a single, non-specific thing, in this case an elephant. There are probably several elephants at the zoo, but there's only *one* we're talking about here.

Purdue University's Online Writing Lab - **https://owl.english.purdue.edu/owl/resource/540/01/**
(Exhibit R-5)

It seems that Thorley is, once again, attempting to use the preferred embodiment, rather than the claim language, as the guide for construing the phrase at issue. Thorley's arguments beg the question of what is the "outer" part of the tube. Since invention of claim 8 is focused on an enclosed space in the form of a crib, Wonderland believes that it is both logical clear that the reference to "outer" is to that which is outside the enclosed area, not the entire outside surface of the tube.

Therefore, Wonderland urges the Court to construe the phrase: "the outer wall having an outwardly facing surface and defining an outer contour shape of the upright tube" to mean:

> **a surface (or a portion of a surface) of a wall (or a portion of a wall) of the tube that faces away from the crib.**

-10-

F.     The phrase: "configured to lodge into".

The term "configured to lodge into" is a description of the positioning posts - the components that hold the fabric enclosure in the tube.   The claim is simply saying that the post must have a shape that allows it to be held in the tube, and nothing more or less than that.

Thorley spends more than two full pages on this simple issue.  However, in its zeal to prevail, Thorley mischaracterizes the specification, when it says "the specification which describes positioning posts that are **fit** into the upright tubes in a **fixed** manner..." (emphasis in original). Thorley's Response Brief at p. 23 line 8.  The word "fit", emphasized by Thorley, is nowhere in the specification or the claims of the '919 patent.  Again, Thorley is trying limit the claim to the embodiment of Figure 5, which is clearly improper.

Wonderland  believes that the concept of "fit" is the crux of the difference between the parties' proposed constructions.  While Wonderland agrees that some kind of retention is required, Wonderland also believe that saying there must be a particular "fit" goes too far.  The word "lodge" simply means to be caught.  Something can be lodged without all surfaces closely fitting the place where it is caught - as a ball lodged in bush or a tree.

Thus, Wonderland urges the Court to construe " configured to lodge into" to mean: **shaped to be held in.**

G.     The "whereby…" clause.

1.     Thorley's proposed deletion of "substantially" is erroneous.

Thorley again accuses Wonderland of attempting to "re-write" the claim. However, any effort to construe or explain a phrase or term in a patent claim can be seen as "re-writing" it. The Federal Circuit has made it abundantly clear, however, that providing a jury with an explanation of a patent claim is what the Court must do, when the parties dispute the meaning or impact of a term or phase in a patent.  The Federal Circuit held "as an in banc court that the district court must interpret the

-11-

claims in its instructions to the jury." *Hilton Davis Chem. Co. v. Warner-Jenkinson Co.*, 62 F.3d 1512, 1556 (Fed. Cir. 1995) citing *Markman v. Westview*, 52 F.3d 967, 981-982 (Fed. Cir. 1995) ("the trial court . . . should have instructed the jury as to the meaning of the claims").

It is Thorley that is attempting to revise the meaning of the whereas clause of claim 8 by deleting the word "substantially" from the phrase "substantially out of contact."  Thorley proposes that "substantially" simply be eliminated, but this would clearly change the meaning of the phrase at issue.

Wonderland raised this glaring problem in its Opening Brief, and Thorley's only response was to say that the term "substantially" is problematic because it "creates ambiguity".  Response Brief at p. 28 line 15.

Wonderland has two responses to this.  First, the Federal Circuit has held that "a sound claim construction need not always purge every shred of ambiguity." *Acumed LLC v. Stryker Corp*., 483 F.3d 800, 806 (Fed. Cir. 2007).  See also  Patent Case Management Judicial Guide § 5.2.3.1.5.1 ("Construing [non-technical] claim terms with more precise language may be error, not only because it 'imports limitations' from the specification into the claims, but also because it can impinge on the role of the jury in resolving the question of infringement.," and  "Although the Court should construe any claim term for which there is a legitimate dispute, it is advised to be "skeptical of construing lay terms for which neither party can produce intrinsic evidence indicating a specialized meaning.").  Here there is clear intrinsic evidence that supports inclusion of some imprecision in the phrase "substantially out of contact"; that is the use of the word "substantially" in the claim itself.

Secondly, the term "substantially" is ubiquitous in patent claims.  For example, using a website called Docket Navigator, a search for instances in which a term containing the word "substantially" was construed resulted in over 700 hits:



When the exact term "substantially" (by itself) was the term being construed, the search yielded the following results:

| Term | Definition | Case |
|---|---|---|
| substantially | approximately, but not necessarily exactly | UniRAM Technology, Inc. v. 3-04-cv-01268 (CAND) |
| substantially | approximately, but not necessarily exactly | UniRAM Technology, Inc. v. 3-04-cv-01268 (CAND) |
| substantially | The term "substantially" should not be read into the claims. | Unither Pharma, Inc. et al v… 5-03-cv-05090 (CAND) |
| substantially | "other amino acids which are not precursors of nitric oxide," it excludes all other amino acids which are not precursors of nitric oxide." The term "substantially" should not be read into the claims | Herbalife International, Inc. 5-03-cv-05878 (CAND) |
| substantially | approximately | Alza Corporation et al v. Imp… 1-05-cv-00642 (DED) |
| substantially | approximately | Alza Corporation et al v. Imp… 1-05-cv-00642 (DED) |
| substantially | largely, essentially, or in the main | Magarl, L.L.C. et al. v. Crane… 1-02-cv-00478 (INSD) |
| substantially | approximately | Joovy LLC et al v. Target Cor… 3-06-cv-00616 (TXND) |
| substantially | largely, but not necessarily entirely | Caddy Products, Inc. v. Ame… 0-05-cv-00800 (MND) |
| substantially | essentially; to a large extent or degree | Cool Baby Inc v. Munchkin I. 5-06-cv-01015 (OKWD) |
| substantially | largely but not necessarily wholly | Foremost in Packaging Syste… 8-05-cv-00024 (CACD) |
| substantially | does not mean "at least 90%" | Rembrandt Data Storage, LP… 3-10-cv-00693 (WIWD) |
| substantially | does not mean "at least 90%" | Rembrandt Data Storage, LP… 3-10-cv-00693 (WIWD) |
| substantially | essentially, having the principal characteristic of | P.N.A. Construction Technolo… 1-05-cv-01753 (GAND) |

Finally, a search of the USPTO database shows that on the same day that the '919 patent issued (Jan. 15, 2013), there were a total of 567 patents that were granted with the word "substantially" in the claim:

```
USPTO PATENT FULL-TEXT AND IMAGE DATABASE
[Home] [Quick] [Advanced] [Pat Num] [Help]
[Next List] [Bottom] [View Cart]

Searching US Patent Collection...

Results of Search in US Patent Collection db for:
(ACLM/substantially AND ISD/20130115): 567 patents.
Hits 1 through 50 out of 567

[Next 50 Hits]

[Jump To] [      ]

[Refine Search] ACLM/(substantially) AND ISD/1/15/2013

   PAT. NO.                                                       Title
 1 RE43,929  T Method of processing soy protein
 2 RE43,927  T Vehicle impact attenuator
 3 RE43,923  T Method for organizing and compressing spatial data
 4 RE43,922  T Balanced cells with fabrication mismatches that produce a unique number generator
 5 RE43,919  T Baby crib
 6 PP23,333  T Seashore Paspalum turfgrass named `Aloha`
 7 PP23,326  T Blueberry plant named `Ridley 1104`
 8 PP23,325  T Blueberry plant named `ZF06-043`
 9 PP23,324  T Miniature rose plant named `WEKcofbunk`
10 D674,538  T Set of oral tobacco articles
11 D674,537  T Set of oral tobacco articles
12 D674,536  T Set of oral tobacco articles
13 D674,525  T Mountable light
14 D674,519  T Lamp
15 D674,481  T Unit dose vial
```

See **http://patft.uspto.gov/**

Thorley, consistently but erroneously, urges the Court to refer to Figure 5 as the invention. Simply because Figure 5 shows no contact between the fabric and the exterior of the tube does not mean that the claim should be construed only to cover Figure 5. The Federal Circuit in *Phillips* held, unequivocally, that it is error to construe claims (i.e., read limitations into our out of a claim) based on the preferred embodiment. It would be error for the Court to do what Thorley urges.

-14-

### 2. Thorley indefiniteness contention under 35 USC § 112 ¶ 2.

Thorley's explanation of why the "whereas…" clause of claim 8 is indefinite makes little sense. Thorley feigns confusion over what is meant by "exposed on an outside of the enclosure member". Clearly any enclosure member (e.g., a fabric wall forming an enclosed space) would have a inside and an outside. Anyone, especially a person of ordinary skill in the art of playpen design, would understand this. And, as Wonderland pointed out in its Opening Brief, in analyzing an allegation of patent indefiniteness under 35 U.S.C. § 112 ¶ 2, "a court must determine whether those skilled in the art would understand what is claimed when the claim is read in light of the specification." *Bancorp Servs., L.L.C. v. Hartford Life Ins. Co*., 359 F.3d 1367, 1371 (Fed. Cir. 2004). The meaning of the last several lines of claim 8 is readily discernible, and is not invalid for indefiniteness.

Thorley's legal argument does not constitute any evidence and utterly fails to meet the requirement of clear and convincing evidence required by Federal Circuit law. *Intel Corp. v. VIA Techs., Inc*., 319 F.3d 1357, 1366 (Fed. Cir. 2003); *Budde v. Harley-Davidson, Inc*., 250 F.3d 1369, 1376–77 (Fed. Cir. 2001). A claim will be found indefinite only if it is insolubly ambiguous, and no narrowing construction can properly be adopted. *Exxon Research and Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001)(the presumption of validity means that "close questions of indefiniteness in litigation involving issued patents are properly resolved in favor of the patentee.").

This is not a close question. Since claims need not be plain on their face in order to avoid condemnation for indefiniteness, but must only be amenable to construction, the Court should reject Thorley's contention regarding indefiniteness. The Federal Circuit in *Exxon Research* explained that a claim will not be invalidated for indefiniteness without a <u>severe</u> defect. 265 F.3d at 1375 (emphasis added). There is no defect here, let alone a severe one. Supporting this conclusion is the intrinsic evidence that the Examiner who handled the application that resulted in the '919 patent had no

difficulty understanding this phrase, and allowed the claim, with the word substantially included. Given this evidence, Thorley has failed to meet its burden to show that claim 8 is invalid for indefiniteness.

Wonderland urges the court to adopt its proposed construction, which is:

**whereby the enclosure member reaches from one tube to another, and does not bear against any substantial portion of the surfaces that face away from the enclosure, so that those surfaces are exposed on the outer periphery of the enclosure.**

## III.    CONCLUSION

Wonderland contends that the constructions of the disputed terms that are most appropriate and consistent with established principles and rules of claim construction are those listed at the end of its Opening Brief.

Date:  November 7, 2013

Respectfully submitted,

/s/ David I. Roche
David I. Roche (admitted *pro hac vice*)
David.Roche@BakerMcKenzie.com

Daniel A. Tallitsch (admitted *pro hac vice*)
Daniel.Tallitsch@ BakerMcKenzie.com

Baker & McKenzie LLP
300 E. Randolph Street, Suite 5000
Chicago, IL 60601
Telephone:    312-861-8608
Facsimile:     312-698-2363

ATTORNEYS FOR PLAINTIFF,
WONDERLAND NURSERYGOODS CO., LTD.

Exhibits:

R-1:   Portions of Thorley's Invalidity Contentions based on Bidwell (AU 715,883)
R-2:   Office Action dated March 17, 2010 in '919 File History
R-3:   Office Action of December 28, 2010 in '919 File History
R-4:   US 2784420 (Moltane), cited in '919 File History
R-5:   Purdue University's Online Writing Lab  (section on indefinite articles)

-17-

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2013, I electronically filed this document (and the Exhibit mentioned herein) pursuant to Local Rule 7.1.1 of the Western District of Pennsylvania with the Clerk of Court using the CM/ECF system which constitutes service of the same upon counsel for Thorley Industries LLC as follows:

**Anthony W. Brooks**     abrooks@webblaw.com, arotharmel@webblaw.com, litigation@webblaw.com
**Bryan P. Clark**     bclark@webblaw.com, jburgess@webblaw.com

**Kent E. Baldauf , Jr**     kbaldaufjr@webblaw.com, ptaranto@webblaw.com
**Ryan J. Miller**     rmiller@webblaw.com

                                            /s/ David I. Roche
                                            David I. Roche (admitted *pro hac vice*)
                                            David.Roche@BakerMcKenzie.com