**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Wonderland Nurserygoods Co., Ltd., | C.A. No.: 2:13-CV-00387 |
| Plaintiff,<br>v. | The Honorable Mark R. Hornak |
| Thorley Industries, LLC (dba 4Moms) | Electronic Filing |
| Defendant | **Jury Trial Demanded** |

**WONDERLAND'S CLAIM CONSTRUCTION PRESENTATION**

As suggested by the Court at the Claims Construction Hearing held yesterday, December 4, 2013, Wonderland hereby submits the an electronic version of the slides used by Wonderland at the hearing, hard copies of which were presented to the Court.

Date:  December 5, 2013

Respectfully submitted,

/s/ David I. Roche
David I. Roche (admitted *pro hac vice*)
David.Roche@BakerMcKenzie.com

Daniel A. Tallitsch (admitted *pro hac vice*)
Daniel.Tallitsch@ BakerMcKenzie.com

Baker & McKenzie LLP
300 E. Randolph Street, Suite 5000
Chicago, IL 60601
Telephone:    312-861-8608
Facsimile:    312-698-2363

ATTORNEYS FOR PLAINTIFF,
WONDERLAND NURSERYGOODS CO., LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2013, I electronically filed this document (and the Exhibit mentioned herein) pursuant to Local Rule 7.1.1 of the Western District of Pennsylvania with the Clerk of Court using the CM/ECF system which constitutes service of the same upon counsel for Thorley Industries LLC as follows:

**Bryan P. Clark**     bclark@webblaw.com, jburgess@webblaw.com

**Kent E. Baldauf , Jr**     kbaldaufjr@webblaw.com, ptaranto@webblaw.com
**Ryan J. Miller**     rmiller@webblaw.com

/s/ David I. Roche
David I. Roche (admitted *pro hac vice*)
David.Roche@BakerMcKenzie.com

# Wonderland Nurserygoods Co., Ltd.
# v.
# Thorley Industries LLC

(Case No. 2:13-CV-387)

## Wonderland's Slides - Markman Hearing
## US Patent RE 43,919

## December 4, 2013

# Outline of Wonderland's Presentation

- Introduction of the Parties, Their Products and the '919 Patent (slides 3 - 5)
- Key points of Law (slide 6)
- Terms in Dispute
  - "**bed frame structure including a plurality of upright tubes**" (slides 7-11)
    - "structure including…"
    - "tube" (the "cylindrical" issue, and the exclusion of Wonderland's embodiment)
  - "**an outer wall**" (slide 12)
    - The word "an" is an indefinite article, and thus can be one of several.
    - Thorley subtly attempts to read "an" out of the claim by treating the preferred embodiment as "the" invention.
  - "**the outer wall having an outwardly facing surface and defining an outer contour shape of the upright tube**" (slides 13)
    - "the" means that it is the same outer wall as mentioned earlier in the claim
  - "**lodge**" (slide 14)
  - "**whereby…**" (slides 15-19)
    - "substantially out of contact" – need not be entirely out of contact
    - "such that the outwardly facing surface of each of the upright tubes is exposed on an outside of the enclosure member" is not indefinite.

2

# The Parties

Wonderland:

1. Designs, Manufactures and Supplies infant and juvenile products (playards, car seats, strollers, swings and soothers, high chairs, etc.) to Graco Children's Products Inc. (a Newell Rubbermaid Company), Exton, PA.

2. One of the largest and most sophisticated makers of infant and juvenile products in the world, with headquarters in Taiwan and manufacturing operations in mainland China.

3. Has been designing and manufacturing infant and juvenile products for 30 years (i.e., since 1983).

Thorley:

1. Designs playards, and other juvenile products, and has them made in China by various Chinese manufacturers.

2. A Pittsburgh Company started in 2005.

(19) **United States**

(12) **Reissued Patent**

Chen

(10) Patent Number:  **US RE43,919 E**

(45) Date of Reissued Patent:  **Jan. 15, 2013**

(54) **BABY CRIB**

(75) Inventor: **Shun-Min Chen**, Taipei (TW)

(73) Assignee: **Wonderland Nurserygoods Co., Limited** (TW)

(21) Appl. No.: **11/588,412**

(22) Filed: **Oct. 26, 2006**

**Related U.S. Patent Documents**

Reissue of:

(64) Patent No.: **6,859,957**
Issued: **Mar. 1, 2005**
Appl. No.: **10/829,027**
Filed: **Apr. 20, 2004**

(30) **Foreign Application Priority Data**

Jan. 2, 2004   (CN) ........................ 2004 2 00018045

| | | | | |
|---|---|---|---|---|
| 3,041,109 A | * | 6/1962 | Eames et al. ............... | 297/451.4 |
| 3,173,155 A | | 3/1965 | Schweikert | |
| 3,601,446 A | * | 8/1971 | Persson et al. ............... | 297/405 |
| 3,640,576 A | * | 2/1972 | Morrison et al. | 297/440.11 |
| 3,658,025 A | | 4/1972 | Hood et al. | |
| 3,677,601 A | * | 7/1972 | Morrison et al. | 297/440.11 |
| 3,784,251 A | * | 1/1974 | Persson et al. ............... | 297/248 |
| 4,018,260 A | | 4/1977 | Baslow | |
| 4,105,244 A | * | 8/1978 | Colby ............................ | 297/45 |
| 4,202,065 A | | 5/1980 | Sullivan | |
| 4,538,309 A | | 9/1985 | Gunter | |
| 4,750,223 A | * | 6/1988 | D'Arcy et al. | |
| 4,811,437 A | | 3/1989 | Dillner et al. | |
| 4,848,843 A | * | 7/1989 | Gibbs ..................... | 297/440.22 |
| 4,899,496 A | | 2/1990 | Chew, II | |
| 4,921,369 A | | 5/1990 | Chew, II et al. | |
| 5,318,348 A | * | 6/1994 | Hess ....................... | 297/440.11 |

(Continued)

FOREIGN PATENT DOCUMENTS

CN          2159708 Y      3/1994

(Continued)



(Amended)

4

| Wonderland | Thorley |
|---|---|
| (for Graco) | (4moms) |
| Pack 'n Play® Silhouette™ Playard (one of scores of variations) | 4moms breeze® |
|  |  |

# Key Points of Law

- *Phillips v. AWH* –
  - Reversed: 1) its own three-judge panel and 2) a district court
  - Held that the claim should not be construed as limited to the preferred embodiment
  - Thorley is urging this Court to do what *Phillips* says district courts should not:
    - tubes are not necessarily "cylindrical"
    - "an" outer wall can be any outer wall
  - File History is less useful than other forms of intrinsic evidence
- A construction that excludes the patentee's preferred embodiment is unlikely to be correct.
- Dictionaries (even general purpose dictionaries) can help, but they cannot trump the intrinsic record
- Indefiniteness
  - Presumption of Validity ➡ Clear and Convincing
  - Only if "insolubly ambiguous"
  - "Close questions" resolved in favor of patentee
  - Difficult questions ≠ invalidity
  - Examiner had no problem understanding the claim

6

# "a bed frame <u>structure including</u> a plurality of upright tubes"

- It is proper for the court to inquire into the source of parties' dispute. Here Thorley wants to argue (to the jury) that the tubes need not be structural – Thorley is ignoring the "structural" limitation for validity purposes.

- Wonderland asks that the Court explain that the tubes are structural in nature.

# "a bed frame structure including a plurality of upright <u>tubes</u>"

- Tubes are not necessarily "cylindrical" – e.g. a square tube



- The word "cylindrical" has a very specific meaning that is inappropriate here.



*noun*

1. GEOM.

   a. in geometry, a solid figure consisting of two parallel bases in the form of congruent, closed curves joined by a smooth, continuous, closed surface; specif., such a figure () having circular bases and a surface perpendicular to the bases

**The only embodiment of a tube in the '919 patent is <u>not</u> "cylindrical", and thus it would be particularly improper to construe "tube" to be cylindrical.**



REASON #1:  The abrupt change in the direction of wall 110 means that the tube wall is not "continuous", and thus is not "cylindrical".

REASON #2: The existence of the opening (through which the fabric extends) means that the tube not "closed", and thus is not "cylindrical".

"upright tube 11"

**Fig. 5 (amended)
US Pat. RE 43,919**

9



REASON #3:  The curved nature of the preferred embodiment of the tube means that the tube walls are not perpendicular to the base, and thus the tube is not "cylindrical".

10

Thorley urges that the tubes be cylindrical based on a dictionary, but ignores the very important intrinsic evidence:

1. The specification nowhere uses the term "**cylindrical**" to describe the tubes shown in the patent.

2. The one tube that is shown in the patent is NOT cylindrical (for the three reasons explained above).

   The Federal Circuit on dictionaries:

   > "**Moreover, different dictionaries may contain somewhat different sets of definitions for the same words. A claim should not rise or fall based upon the preferences of a particular dictionary editor, or the court's independent decision, uninformed by the specification, to rely on one dictionary rather than another.**"

   *Phillips*, 415 F.3d at 1322

11

# "an outer wall"

The word "an" is an indefinite article, and thus can be one of several.

The Federal Circuit on "an":

> "[T]his court has repeatedly emphasized that an indefinite article "a" or "an" in patent parlance carries the meaning of "one or more" in open-ended claims containing the transitional phrase "comprising." That "a" or "an" can mean "one or more" is best described as a rule, rather than merely as a presumption or even a convention. The exceptions to this rule are extremely limited…." *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1360 (Fed. Cir. 2012) citing *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342  (Fed. Cir. 2008).

Thorley subtly attempts to read "an" out of the term to be construed (see p. 11 of Thorley's Brief) and treats the preferred embodiment as "the" invention (p. 13 of Thorley's Brief showing a single, circular cross-section).

# "the outer wall having an outwardly facing surface and defining an outer contour shape of the upright tube"

The Federal Circuit on the definite article "the":

> The subsequent use of definite articles "the" or "said" in a claim to refer back to the same claim term does not change the general plural rule, but simply reinvokes that non-singular meaning.

*SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1360 (Fed. Cir. 2012) citing *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342  (Fed. Cir. 2008).

Thus, "**the** outer wall" in the above phrase is the same outer wall that is first referred to as "an outer wall" (i.e., potentially one of several walls).

# "lodge"

The word "lodge" is more general than the definition proposed by Thorley ("fixedly fit").

**verb (used with object)**

16. to furnish with a habitation or quarters, especially temporarily; accommodate: *Can you lodge us for the night?*

17. to furnish with a room or rooms in one's house for payment; have as a <u>lodger</u>: *a boardinghouse that lodges oil workers.*

18. to serve as a residence, shelter, or dwelling for; shelter: *The château <u>will</u> lodge the ambassador during his stay.*

19. to put, store, or deposit, as in a place, for storage or keeping; stow: *to lodge one's valuables in a hotel safe.*

20. to bring or send into a particular place or position.

Wonderland's proposed by Thorley ("shaped to be held in") is more appropriate and is in accord with the intrinsic evidence.

14

**"whereby the enclosure member extends from one upright tube generally in directions of other of the upright tubes <u>substantially out of contact</u> with the outwardly facing surfaces of the upright tubes<u>, such that the outwardly facing surface of each of the upright tubes is exposed on an outside of the enclosure member</u>."**

The term: "substantially out of contact" does not require the enclosure member to be entirely out of contact with the outwardly facing surfaces.

The phrase: "such that the outwardly facing surface of each of the upright tubes is exposed on an outside of the enclosure member" is not indefinite.

15

The following is a modified version of the parties' Joint Chart showing the addition of "any substantial portion of" to correctly reflect the meaning of "substantially" in the "whereby" clause of claim 8.

| | | | | |
|---|---|---|---|---|
| whereby the enclosure member extends from one upright tube generally in directions of other of the upright tubes substantially out of contact with the outwardly facing surfaces of the upright tubes, such that the outwardly facing surface of each of the upright tubes is exposed on an outside of the enclosure member. | the enclosure member reaching from one tube to another, and does not bear against any substantial portion of the surfaces that face away from the enclosure, so that those surfaces are exposed on the outer periphery of the enclosure. | US Patent RE 43,919 | AGREED IN PART: "substantially out of contact with": does not bear against

OTHERWISE: No construction necessary beyond the construction of "outwardly facing surfaces" as defined above. Plain and ordinary meaning applies.

The clause "such that the outwardly facing surface of each of the upright tubes is exposed on an outside of the enclosure member" is indefinite. | US Patent RE 43,919; 07/19/10 Amendment and Reply to Office Action; 02/28/11 Pre-Appeal Brief Request for Review; 10/12/11 Amendment and Reply to Office Action; US Pat. Nos. 4,848,843, 4,105,244, and 2,784,420 |

# Indefiniteness

- The presumption of validity (35 U.S.C. § 112 ¶ 2) means that proof of indefiniteness requires "clear and convincing" evidence.

- A phrase is indefinite only if it is "insolubly ambiguous."

- "Close questions" are resolved in favor of the patentee.

- Difficulty in construing a phrase does not mean that the claim with that phrase is invalid for indefiniteness.

- The Examiner who granted the '919 patent had no problem understanding the claim.

*enclosed space 3 for receiving a baby. The fabric member 2 can extend outside the upright tube 11 generally in two directions of two other upright tubes 11, and lie substantially out of contact with the outwardly facing surface of the outer tube wall defined by the remaining part 1152 of the second wall part 115. As the outwardly facing surface on each upright tube 11 is exposed outward, an outer contour shape of each upright tube 11 can be substantially visible from the outside of the enclosed space 3.*

5

10

'919 patent, Col. 3, lines 2-10



"outwardly facing surface of he outer tube wall defined by the remaining part 1152"

outside the enclosed space

"enclosed space 3"

outside the enclosed space

18

**<u>CONCLUSION</u>**:  The claim is <u>not</u> indefinite, because a person of skill in the art, reading the specification with the drawings, would readily understand that the phrase: "such that the outwardly facing surface of each of the upright tubes is exposed on an outside of the enclosure member" refers to the portion of the upright tube that is:

1.  outwardly facing, and
2.  exposed, i.e., not in contact with the enclosure member, and
3.  outside of the "enclosed space 3".

19