IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Wonderland Nurserygoods Co., Ltd., Plaintiff, | C.A. No.: 2:13-cv-00387 |
| v. | Judge Mark R. Hornak |
| Thorley Industries, LLC (dba 4Moms) Defendant | Electronic Filing |

<u>**REPLY BRIEF**</u>

<u>**OF WONDERLAND IN SUPPORT OF ITS**</u>

<u>**MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY**</u>

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 2

    A. Thorley is unable to meet its unusually high burden. ..................................................... 2

    B. Anticipation ..................................................................................................................... 4

        1. Thorley's attempt to describe the upright post of Hammil as a "tube" does not create a genuine issue of fact. ..................................................................... 4

        2. Thorley's argument about Bidwell's "retaining member 22" fails as a matter of law (i.e., claim construction). ............................................................... 5

    C. Obviousness .................................................................................................................... 5

III. CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

Page

## CASES

*Am. Hoist & Derrick Co. v. Sowa & Sons,* 725 F.2d 1350, 1360 (Fed. Cir. 1984) ....................... 2

*Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004) ......................................................................... 4

*Honeywell Int'l, Inc. v. United States*, 609 F.3d 1292, 1297 (Fed. Cir. 2010) .............................. 7

*Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 251 (3d Cir. 2007) ....................................... 4

*Jonsson v. Stanley Works*, 903 F.2d 812, 818 (Fed. Cir. 1990) .................................................... 3

*Microsoft Corp. v. Multi-Tech Sys.*, 357 F.3d 1340, 1349 (Fed. Cir. 2004) ................................. 3

*Windsurfing Int'l v. AMF, Inc.*, 782 F.2d 995, 998 (Fed. Cir. 1986) ............................................ 2

## STATUTES

35 USC §282 ................................................................................................................................. 5

Wonderland Nurserygoods Co., Ltd. ("Wonderland") submits this reply brief in support of its motion for summary judgment of no invalidity.  This is in reply to the opposition brief of Thorley Industries, LLC ("Thorley") (Docket # 89).

## I.     INTRODUCTION

Thorley's opposition does not refute the cumulative nature of the prior art references upon which it relies for obviousness, except for one minor point.  Completely missing from Thorley's opposition are any proposed genuine issues of fact under LCvR 56.C.1.c.  In effect, Thorley concedes that it is doing nothing more than going over the same ground travelled by the PTO.  Thorley cannot meet the heavy burden that flows from its decision to rely solely upon cumulative art to prove obviousness.

Thorley's failed attack on the validity of the '957 patent is highly relevant, because the '957 patent and the '919 patent have *identical specifications*, the *same drawings*, and claim 1 of '957 patent and claim 8 of the '919 contain *most of the same limitations*.   The PTO's decision to deny Thorley's "best shot" at invalidating the '957 patent explains Thorley's desperate situation, i.e., having to rely on cumulative prior art to make obviousness arguments.

Regarding Thorley's allegations of anticipation based on the already *cited and considered* Hammil patent, Thorley contends that Hammil's solid corner post is a "tube", when it is clearly neither hollow nor tubular in any sense.  The terms "tube" and "wall" appear repeatedly in claim 8.   A structure that is not hollow forms no outer wall (a solid post may have an outer surface, but it has no wall).   Hammil's corner post is solid, with grooves formed in the outer surface running lengthwise, and but it has no wall.  Thorley and its expert cannot escape the perfectly logical admission made by Mr. Cuffaro, i.e., that Hammil's corner posts have no walls, and thus are not tubes.  Thorley's attempt to spin this testimony does not create an issue of fact.

Regarding the allegation of anticipation based on Bidwell, the flexible "retaining member

22" is not part of the structural frame of that device, and there is no genuine dispute of fact relating to that contention. The dispute, if there is one, is a claim construction issue, i.e., whether the tube must be part of the structure of the crib. Wonderland believes that the language of the first limitation of claim 8 *does* require the upright tubes to form the structure of the crib. If Wonderland is correct, then the retaining member of Bidwell does not meet the first limitation of claim 8.

## II.     ARGUMENT

### A.     Thorley is unable to meet its unusually high burden.

Thorley feigns bewilderment at Wonderland's thorough explanation of the cumulative nature of the prior art upon which Thorley relies for invalidity. However, the Federal Circuit affirmed a district judge who held that a reissued patent (like the '919 patent) was not invalid based on the fact that the art relied upon by the challenger was cumulative, saying:

> "Concluding that the evidence at trial was **merely cumulative** of that before the [PTO] Board, the court correctly held that **that evidence did not enable [the challenger] to carry the burden imposed by § 282**."

*Windsurfing Int'l v. AMF, Inc.*, 782 F.2d 995, 998 (Fed. Cir. 1986)(emphasis added).

"When an attacker simply goes over the same ground travelled by the PTO, part of the *burden* is to show that the PTO was wrong in its decision to grant the patent." *Am. Hoist & Derrick Co. v. Sowa & Sons,* 725 F.2d 1350, 1360 (Fed. Cir. 1984) (emphasis in original).

Here, the prosecution history of the asserted '919 patent is unusually extensive. It includes: 1) the original examination, which resulted in the '957 patent, 2) the reissue proceeding

and 3) Thorley's <u>failed</u> request for *inter partes* reexamination. [1] Yet, Thorley's expert, Mr. Cuffaro, never looked at or considered any of it. He also did not look at the significant collection of cited prior art that the Examiner reviewed and considered, except the few he was given by Thorley's counsel to rely upon. The gaps in Mr. Cuffaro's analysis relating to the cumulative nature the prior art upon which he relies and his failure to consider the prosecution history, mean that he will not be able to explain why the PTO was "wrong in its decision to grant the patent". Thus, Thorley and its expert are not in a position to meet their burden under *Am. Hoist*.

Thorley argues that the issues it raised in its failed Request for *Inter Partes* Reexamination involved claims that were "different" from those at issue in this case. While there is a very minor difference (the "clamped" limitation), the claims of the two patents are remarkably similar. *See* Wonderland's Exhibit E. Even the "clamped" limitation, which Thorley identifies as a difference between the '957 and '919 patents, is present in dependent claim 13 of the '919 patent.

Thorley's position lacks common sense. First, it is undeniable that any prior art relevant to the validity of claim 1 of the '957 patent would certainly be just as relevant to the validity of the '919, given the close similarity in subject matter and claim language. Thorley took its "best shot" at invalidating the invention of the '957 patent (a play yard with upright tubes, a fabric enclosure extending between the posts and held by positioning posts within receiving holes), and the PTO flatly denied Thorley's request. Furthermore, the PTO's denial was pursuant to a "lower" standard

---

[1] "The prosecution history of that parent application is highly instructive in light of the similarity between the claims of the application and those of the patents in suit." *Andersen Corp. v. Fiber Composites, LLC*, 474 F.3d 1361, 1368 (Fed. Cir. 2007) citing *Masco Corp. v. United States*, 303 F.3d 1316, 1324 (Fed. Cir. 2004).
The Federal Circuit has "held that the prosecution history of one patent is relevant to an understanding of the scope of a common term in a second patent stemming from the same parent application." *Microsoft Corp. v. Multi-Tech Sys.*, 357 F.3d 1340, 1349 (Fed. Cir. 2004) *citing Jonsson v. Stanley Works*, 903 F.2d 812, 818 (Fed. Cir. 1990).

of proof used in the PTO (a preponderance of the evidence). The PTO's burden proof requirement is significantly easier to meet than the "heavier" clear and convincing burden under 35 U.S.C. §282 applicable in this Court, and yet Thorley still failed to establish that the invention was unpatentable before the PTO. The fact that Thorley's art is cumulative of art considered by the Examiner makes it even harder for Thorley to meet its burden. Thorley's predicament is further compounded by its expert's failure to review the cited art and the prosecution history. Under applicable law, Thorley cannot possibly meet its burden.

B. Anticipation

1. Thorley's attempt to describe the upright post of Hammil as a "tube" does not create a genuine issue of fact.

The Third Circuit has held that "'a party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict.'" *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 251 (3d Cir. 2007) (*quoting Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004)).

Thorley tries to raise a genuine issue of fact on the basis of Hammil, saying that its expert will explain how Hammil's uprights are tubes. However, the fact that Mr. Cuffaro might be willing to make such a statement does not create a genuine issue of fact, and cannot "undo" his admission about the absence of a wall in Hammil's upright tube. Even if the questions put to Mr. Cuffaro were "poorly-framed", no jury would or could find that the "posts" of Hammil are tubes or tubular. After all, they are shown as solid in all figures in which they are depicted, and they have grooves in them, which further confirms their solid nature. Thus, there is no genuine issue about whether Hammil meets all of the limitations of the claims; the corner posts simply are not tubes and do not have walls. Thus, Hammil does not anticipate claim 8, and the Court should grant summary judgment of no invalidity with respect to Thorely's contention of anticipation

based on Hammil.

### 2. Thorley's argument about Bidwell's "retaining member 22" fails as a matter of law (i.e., claim construction).

Thorley insists that the "retaining member 22" of Bidwell meets the limitation of claim 8 calling for "a bed frame structure including a plurality of upright tubes", which this Court construed as meaning: "a bed frame structure including more than one (1) upright tube". There is no dispute about the non-structural nature of the "retaining member 22." Thus, Thorley's argument raises an issue of claim construction, not fact. Wonderland's position is that the language is clear in that the tubes must be part of the structure of the bed frame.

Thorley has not raised a "genuine" issue of fact about whether Bidwell's retaining member meets the "upright tubes" requirement of claim 8 calling for "a bed frame structure including a plurality of upright tubes." Based on this issue alone, Bidwell cannot be shown to anticipate claim 8, and the Court should grant summary judgment of no invalidity with respect to Thorley's contention of anticipation based on Bidwell.

### C. Obviousness

Wonderland relies on eight references in contending that the claims of the '919 patent are invalid for obviousness; five primary references and three secondary references, as listed below:

| Thorley's Obviousness Arguments | |
|---|---|
| Primary Ref. | In view of Secondary Ref. |
| Schettler (2,287,907) | 1,183,819 (Keiser), or 3,875,623 (Johnston), or 5,752,297 (Ramey) |
| Moltane (2,784,420) | |
| Schweikert (3,173,155) | |
| Gunter (4,538,309) | |
| Hartenstine (6,510,570) | |
| The highlighted references are "cited" and were therefore already considered by the USPTO. | |

Schettler is the only uncited primary reference.[2] Regarding the uncited references, Thorley has said almost nothing in its opposition about the key contentions in Wonderland's Opening Brief about the cumulative nature of the prior art, and there is nothing in Mr. Cuffaro's report that will enable him to refute the following contentions:

1. Schettler, (relied upon by Thorley) is no better than Hawley (a cited reference); or

2. Keiser (relied upon by Thorley) is no more relevant than Hood or Mew (both cited references),

3. Johnston (relied upon by Thorley) is no more relevant than Hood (a cited reference),

4. Ramey (relied upon by Thorley) is cumulative with respect to the Northup and Tigrett (both cited references).

Thorley has not disputed Wonderland's positions on the cumulative nature of the prior art upon which Thorley is relying for obviousness, except for one, Johnston. Even then, it took issue only in part with Johnston being cumulative. Thorely argues that Johnston's fabric connection (Wonderland's Exhibit T) is "general", whereas Mew (Wonderland's Exh. W) is specific to a bed. Yet, the invention in this case relates to a bed (i.e., a baby crib), which makes Mew, arguably, a better reference than Johnston, since both show similar fabric support techniques. Thorley does not challenge the notion that Johnston is cumulative of Hood (Wonderland's Exh. V), which is one of the references Thorley used in its failed effort to have claims of the '957 patent reexamined.

All of the references upon which Thorley relies are either expressly listed as cited and considered, or are not substantially different from references that were cited and considered.

---

[2] Thorley contends that the Hartenstine patent, U.S. 6,510,570 is not cited. That is true, *per se*. However, as noted in footnote 1 of Wonderland's Opening Brief, Hartenstine was cited in its pre-issued published form, i.e., U.S. 2002/0166170. The drawings and specification of U.S. Patent 6,501,570 correspond fully to U.S. 2002/0166170, and this publication is listed on the face of the issued '570 patent as the pre-issuance published version thereof.

Thorley promises (Thorley's Brief, p. 13-14) to provide evidence of obviousness through its expert Mr. Cuffaro, but the time to produce that evidence with supporting argument was in response to the instant motion.

Obviousness is a question of law, which sometimes requires findings of fact on underlying issues. *Honeywell Int'l, Inc. v. United States*, 609 F.3d 1292, 1297 (Fed. Cir. 2010). However, Thorley finds itself with an overwhelming burden of proof, and has not taken issue with the cumulative nature of the prior art upon which it relies. In addition, Thorley has not proposed *any* genuine issues of fact that require a trial pursuant to LCvR 56.C.1.c. Given the enhanced clear and convincing burden of proof applicable to Thorley, the Court should grant summary judgment in Wonderland's favor on the issue of obviousness.

### III. CONCLUSION

Thorley has identified no genuine disputes of fact on the issue of validity pursuant to this Court's local rules, and Thorley will not be able to meet its enhanced burden of proof applicable to its attack on the validity of the '919 patent. Thus, Wonderland asks the Court to dispose of Thorley's claims of invalidity by granting this motion for summary judgment.

**Pursuant to Par. 6 of the Court's Order On Motion Practice, Wonderland requests oral argument on this motion**.

Date:  December 18, 2014

Respectfully submitted,

Local Counsel:

Edward I. Levicoff, Esquire
Pa. I.D.#: 200108
ELevicoff@LSandD.net
Levicoff, Silko & Deemer, P.C.
Centre City Tower, Suite 1900
650 Smithfield Street
Pittsburgh, PA 15222-3911
Telephone:   412-434-5200
Facsimile:    412-434-5203

/s/ David I. Roche
David I. Roche (admitted *pro hac vice*)
David.Roche@bakermckenzie.com
Baker & McKenzie LLP
300 E. Randolph Street, Suite 5000
Chicago, IL 60601
Telephone:    312-861-8608
Facsimile:     312-698-2363
ATTORNEYS FOR PLAINTIFF,
WONDERLAND NURSERYGOODS CO., LTD.

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2014, I electronically filed this document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Kent E. Baldauf, Jr., Esquire kbaldaufjr@webblaw.com
Bryan P. Clark, Esquire bclark@webblaw.com
Ryan J. Miller, Esquire rmiller@webblaw.com

                                                    /s/ David I. Roche
                                                    David I. Roche, Baker & McKenzie LLP