IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Wonderland Nurserygoods Co., Ltd., <br><br> Plaintiff, <br> v. <br><br> Thorley Industries, LLC (dba 4Moms) <br><br> Defendant | C.A. No.: 2:13-CV-00387 <br><br> The Honorable Mark R. Hornak <br><br> Electronic Filing |

**MEMORANDUM IN SUPPORT OF WONDERLAND'S**

**MOTION IN LIMINE No. 6 -**

**DAMON TROUTMAN'S PATENT, DEPOSITION AND DEPOSITION EXHIBITS**

REDACTED

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. THE APPLICABLE LEGAL STANDARD ..................................................................... 3

    A. Admissible Evidence ............................................................................................ 3

    B. Invalidity under 35 U.S.C. § 102(g) ..................................................................... 3

    C. Invalidity Contentions and Notice under 35 U.S.C. § 282 ................................... 4

    D. Near Simultaneous Invention ............................................................................... 4

III. ARGUMENT .................................................................................................................... 5

    A. The Troutman Patent Clearly does not qualify as prior art. ................................. 5

    B. Thorley has not contended invalidity based on Troutman under any theory other than 102(g). ............................................................................................................ 5

    C. Thorley's Notice under Section 282 does not mention any theory other than 102(g) based on Troutman. ................................................................................... 6

    D. Troutman's own work does not form the basis for a Section 102(g) defense. .... 7

        1. Troutman's initial sketch of September 2015 does not show the invention. ........... 7

        2. The December prototype do not show the invention. ............................................. 7

        3. REDACTED ........... 8

IV. CONCLUSION ................................................................................................................. 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apotex USA, Inc. v. Merck & Co., Inc.*,
  254 F.3d 1031 (Fed. Cir. 2001)...................................................................................3

*Apple, Inc. v. Samsung Elecs. Co.*,
  877 F. Supp. 2d 838 (N.D. Cal. 2012) ........................................................................4

*Burroughs Wellcome Co. v. Barr Labs., Inc.*,
  40 F.3d 1223 (Fed. Cir. 1994).....................................................................................3

*Emcore Corp. v. Optium Corp.*,
  2009 U.S. Dist. LEXIS 96368 (W.D. Pa. Oct. 16, 2009) ...........................................4

*Fox Group, Inc. v. Cree, Inc.*,
  700 F.3d 1300 (Fed. Cir. 2012)...................................................................................3

*Kridl v. McCormick*,
  105 F.3d 1446 (Fed. Cir. 1997)...................................................................................4

*Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co.*,
  730 F.2d 1452 (Fed. Cir. 1984)...................................................................................5

*Mycogen Plant Sci., Inc. v. Monsanto Co.*,
  243 F.3d 1316 (Fed. Cir. 2001)...................................................................................3

*Philadelphia & Trenton Railroad Co. v. Stimpson*,
  39 U.S. 448, 10 L. Ed. 535 (1840) ..............................................................................4

*Taurus IP LLC v. DaimlerChrysler Corp.*,
  726 F.3d 1306 (Fed. Cir. 2013)................................................................................4, 7

*Tyco Healthcare Group LP v. Ethicon Endo-Surgery, Inc.*,
  774 F.3d 968 (Fed. Cir. 2014).....................................................................................3

**Statutes**

35 U.S.C. §102(g) ........................................................................................................ *passim*

35 U.S.C. § 135................................................................................................................4

35 U.S.C. §282.......................................................................................................2, 4, 6, 7

Wonderland Nurserygoods Co., Ltd. ("Wonderland") submits this memorandum in support of its motion in limine to preclude the use of a patent and other documents and testimony that came from a deposition of third party witness named Damon Troutman. Wonderland seeks an order preventing Defendant, Thorley Industries, LLC ("Thorley") from using at trial documents and testimony relating to, or otherwise mentioning or informing the jury of, the an alleged invention of Damon Troutman and U.S. Patent 7,568,242  The material that is the subject of this motion is expected to be in two forms:

1) US Patent 7,568,242 (Troutman) (Ex. A); and

2) Testimony and documents from Mr. Troutman's deposition, (Exs. B, C, D and E), including:

    a. A sketch dated                                REDACTED

    b. A photo and assembly instructions from          REDACTED

                                                                                               d

    c.                            REDACTED

                                                                                                                                                                      Ex. E)

## I.    INTRODUCTION

Wonderland understands that Thorley may attempt to use the Troutman deposition to introduce the '242 patent and related documents under two theories:[1] 1) as prior invention under 35 U.S.C. §102(g), and/or 2) as evidence of obviousness under a "near simultaneous" invention theory. Mr. Troutman gave a deposition on this case, and testified that    REDACTED

, and that the design

---

[1] NOTE:  For purposes of this motion, Wonderland has assumed that certain documents discussed at Mr. Troutman's deposition will be used at trial. However, Wonderland intends to challenge many, if not all, of those documents as not being admissible under various theories, and does not waive any objections by referring to or discussing those documents in this brief.

-2-

depicted in Fig. 14                                        REDACTED


REDACTED

Perhaps even more important is the fact that Thorley has only mentioned in its invalidity contentions that it was relying on Troutman for an argument based on 102(g). Thorley has *never* mentioned in its contentions or its 282 Notice that it might rely on Troutman for "near simultaneous invention" to establish obviousness.

## II.     THE APPLICABLE LEGAL STANDARD

### A.     Admissible Evidence

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, waste of time, and jury confusion. Fed. R. Evid. 403.

### B.     Invalidity under 35 U.S.C. § 102(g)

A patent may be invalidated if "the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it."  35 U.S.C. § 102(g); *Fox Group, Inc. v. Cree, Inc.*, 700 F.3d 1300, 1304 (Fed. Cir. 2012).  Section 102(g) "operates to ensure that a patent is awarded only to the 'first' inventor in law." *Apotex USA, Inc. v. Merck & Co., Inc.*, 254 F.3d 1031, 1035 (Fed. Cir. 2001).[2]

"[A] challenger . . . has two ways to prove that it was the prior inventor: (1) it reduced its invention to practice first . . . or (2) it was the first party to conceive of the invention and then exercised reasonable diligence in reducing that invention to practice." *Mycogen Plant Sci., Inc. v. Monsanto Co*., 243 F.3d 1316, 1332 (Fed. Cir. 2001); *Tyco Healthcare Group LP v. Ethicon Endo-Surgery, Inc*., 774 F.3d 968, 974-975 (Fed. Cir. 2014); *Fox Group*, 700 F.3d at 1304.  Kids II bases its defense of invalidity on the latter.

Conception is the formulation of a definite and permanent idea of the complete and operative invention as it is hereafter to be applied in practice. *Burroughs Wellcome Co. v. Barr*

---

[2] This "first to invent" rule was changed by the American Invents Act (the "AIA") under which a patent now goes to the one who is "first to file", but those changes do not apply here, because the events relating to the '919 patent occurred several years before the effective date of the AIA.

*Labs., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994). Conception must include *every feature or limitation of the claimed invention*. *Kridl v. McCormick*, 105 F.3d 1446, 1449 (Fed. Cir. 1997) (emphasis added); *Taurus IP LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1323 (Fed. Cir. 2013) (noting that a conception must encompass **all limitations of the claimed invention**) (emphasis added).

### C. Invalidity Contentions and Notice under 35 U.S.C. § 282

The Local Patent Rules in the Western District of Pennsylvania set forth clearly when prior art is to be disclosed. See, L.P.R. 3.1 and 3.4; *Emcore Corp. v. Optium Corp.*, 2009 U.S. Dist. LEXIS 96368 (W.D. Pa. Oct. 16, 2009).  "The failure to [amend invalidity contentions] until 31 days prior to trial is in complete contravention to the Local Patent Rules."  Id. at *7.

Similarly, the patent statute itself contains a "notice provision" regarding prior art upon which a party intends to rely.  35 U.S.C. § 282.  The notice provision of section 282 is intended "to prevent patentees being surprised, at the trial of the cause, by evidence of a nature which they could not be presumed to know, or be prepared to meet, and thereby to subject them either to most expensive delays, or to a loss of their cause." *Philadelphia & Trenton Railroad Co. v. Stimpson*, 39 U.S. 448, 459, 10 L. Ed. 535 (1840) (quoted in *Thermo King Corp. v. White's Trucking Service, Inc*., 292 F.2d 668, 674 (5th Cir. 1961)).

### D. Near Simultaneous Invention

Evidence of "simultaneous inventions, made 'within a comparatively short space of time,' may be evidence that the claimed apparatus was the product only of ordinary mechanical or engineering skill. A*pple, Inc. v. Samsung Elecs. Co*., 877 F. Supp. 2d 838, 881 (N.D. Cal. 2012), citing *Geo. M. Martin Co. v. Alliance Mach. Sys. Int'l, LLC*, 634 F. Supp. 2d 1024, 1036 (N.D. Cal. 2008), aff'd, 618 F.3d 1294 (Fed. Cir. 2010)).

However "[b]ecause the statute, 35 U.S.C. § 135, (establishing and governing

-4-

interference practice) recognizes the possibility of near simultaneous invention by two or more equally talented inventors working independently, that occurrence may or may not be an indication of obviousness when considered in light of all the circumstances." *Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co*., 730 F.2d 1452, 1460 (Fed. Cir. 1984).

### III. ARGUMENT

#### A. The Troutman Patent Clearly does not qualify as prior art.

The front page of the Troutman '242 patent shows that Troutman applied for his patent on February 23, 2005. Ex. A. This date is more than a full year after the priority date to which the '919 patent is officially entitled to rely, i.e., January 2, 2004. The file history of the '919 patent contains a certified copy of that priority application (from the file history of the '919 patent) and it fully supports the date of January 2, 2004. (Ex. H)

In addition, Wonderland can demonstrate that it had invented a playard embodying the invention of the '919 patent in a fully working prototype at least as early as REDACTED Exh. I. REDACTED . Thus, the '242 patent, per se, should clearly be excluded as not qualifying as prior art under any theory. It would be seriously confusing to the jury to allow the '242 patent into evidence, when it so clearly does not qualify as prior art.

#### B. Thorley has not contended invalidity based on Troutman under any theory other than 102(g).

In its Invalidity Contentions under LPR 3.4 (Ex. F), Thorley only alleged prior invention under 35 U.S.C. §102(g) by Mr. Troutman based on his '242 patent. Importantly, Thorley never alleged obviousness based on "near simultaneous invention". Rather, Thorley's arguments assumed that the '242 patent would qualify as prior art, and treated it accordingly. Thorley's contentions do not use the words "near simultaneous" at all, and in particular in connection with

the Troutman work.

Thorley never amended its invalidity contentions to make any reference to information obtained from Mr. Troutman in his deposition. By failing to do this, Wonderland has waived any right to rely on facts that go beyond the '242 patent, itself, which is completely unavailing. This Court's Local Patent Rules are quite specific when it comes to what must be included in a party's contentions under LPR 3.4 (underlining added):

> The name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. <u>Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s)</u>;

Mr. Troutman was deposed by both Kids II's counsel and Thorley's counsel on August 7, 2014, and his former employer produced numerous documents prior to that deposition. Yet, in its LPR 3.4 Invalidity Contentions, Thorley never made any reference to any documents or "circumstances" beyond the four corners of Troutman's '242 patent and its file history. This Court's local rules allow for amendment of invalidity contentions (LPR 3.7), but requires that they be made "in a timely fashion".

Thorley could have amended its contentions following the Troutman Deposition, but did not. This decision was confirmed when Thorley filed its Notice Pursuant To 35 U.S.C. § 282 (ECF 150)(Ex. G), which does not mention any documents other than the '242 patent and makes no mention of Mr. Troutman making a "near simultaneous" invention.

### C. Thorley's Notice under Section 282 does not mention any theory other than 102(g) based on Troutman.

Thorley Industries LLC's Notice Pursuant To 35 U.S.C. § 282 (ECF 150)(Ex. G) make no mention of any <u>documents</u> from the deposition of Mr. Troutman, as documents upon which it may rely at trial. In *Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v.*

*Mega systems, LLC*, 350 F.3d 1327, 1347 (Fed. Cir. 2003), the district court excluded invalidity evidence that was not disclosed in compliance with § 282, even though the plaintiff had actual notice of the prior art in issue "because it participated in discovery, including a deposition and interrogatories, related to the prior art . . . ." 350 F.3d at 1347.

Thus, two critically important filings by Thorley (its LPR 3.4 contentions and its Section 282 Notice) which are intended to elicit its theories of invalidity make no mention, whatsoever, of any intention to use Troutman's work as evidence of "near simultaneous invention."

    **D.**    **Troutman's own work does not form the basis for a Section 102(g) defense.**

        **1.**    **Troutman's initial sketch of September 2015 does not show the invention.**

REDACTED

Thus, REDACTED is not probative of any 102(g) defense.

        **2.**    **The December prototype do not show the invention.**

REDACTED

      **3.**    **Troutman's disavowed authoring the earliest known depiction of the design of the Leredo prototype and denied creating the design of the Leredo prototype.**

REDACTED

REDACTED

REDACTED

REDACTED

.

## IV.   CONCLUSION

      Wonderland urges the Court to exclude Mr. Troutman's '242 patent, deposition testimony, and the documents that were marked as Exhibits at his deposition.

Date:  October 29, 2015	Respectfully submitted,

	/s/ David I. Roche
Local Counsel:	David I. Roche (admitted *pro hac vice*)
Avrum Levicoff, Esquire	David.Roche@bakermckenzie.com
Pa. I.D.#: 26044
ALevicoff@LSandD.net	Baker & McKenzie LLP
Edward I. Levicoff, Esquire	300 E. Randolph Street, Suite 5000
Pa. I.D.#: 200108	Chicago, IL 60601
ELevicoff@LSandD.net	Telephone:	312-861-8000
Levicoff, Silko & Deemer, P.C.	Facsimile:	312-861-2899
Centre City Tower, Suite 1900
650 Smithfield Street	ATTORNEYS FOR PLAINTIFF,
Pittsburgh, PA 15222-3911	WONDERLAND NURSERYGOODS CO., LTD.
Telephone:   412-434-5200
Facsimile:    412-434-5203

|  | Exhibit List |
|---|---|
| Exhibit A | US Patent 7,568,242 |
| Exhibit B | Troutman Deposition - UNDER SEAL |
| Exhibit C | REDACTED Sketch - UNDER SEAL |
| Exhibit D | REDACTED - UNDER SEAL |
| Exhibit E | REDACTED - UNDER SEAL |
| Exhibit F | Thorley Invalidity Contentions |
| Exhibit G | Thorley's Notice under 35 U.S.C. §282 (ECF 150) |
| Exhibit H | Certified copy of Wonderland's priority application |
| Exhibit I | November 17, 2003 email with photos - UNDER SEAL |

-9-

-10-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document (including exhibit(s), if any) was served this October 29, 2015 by email upon the following:

>Kent E. Baldauf, Jr., PA ID No. 70793 (KBaldaufJr@webblaw.com)
>Bryan P. Clark, PA ID No. 205708 (bclark@webblaw.com)
>THE WEBB LAW FIRM
>One Gateway Center
>420 Ft. Duquesne Blvd, Suite 1200
>Pittsburgh, PA 15222

>>/s/ David I. Roche
>>David I. Roche